IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2020 MAY 20 AM 10:58
DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

Robert Michael Handlon
PETITIONER
(Full name of Petitioner)

Big Spring FCI, Big Spring, Texas
CURRENT PLACE OF CONFINEMENT

vs.

34932-077
PRISONER ID NUMBER

FBOP
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except that ONE separate additional page is permitted in answering question 10.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show

that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only one sentence, conviction, disciplinary proceeding, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petition(s).

6. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.

7. It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

---

**PETITION**

**PLEASE COMPLETE THE FOLLOWING:** (check the appropriate number)
This petition concerns:
1. ______ pretrial detention;
2. ______ a conviction;
3. ______ a sentence;
4. ______ jail or prison conditions;
5. ___X___ a prison disciplinary proceeding;
6. ______ parole or mandatory supervision;
7. ______ time credits;
8. ______ other (specify): ______________________________

**Have you pursued to completion all relevant state and/or prison administrative remedies relevant to your complaint(s) before filing this petition.** ☒ **Yes** ☐ **No If yes, what was the date of the result and the result of any such proceeding. If no, explain why you have not pursued all such remedies.** ______________________________

1. Place of detention: F.C.I. Big Springs

2. State the offense with which you have been charged and whether you have been convicted of the charged offense(s) or whether you are still awaiting trial: Incident Report - 'Assault of another Inmate' # 224

3. Name and location of court in which your case is pending or in which you were convicted: F.C.I. Bastrop - Bastrop, Tx.

4. The criminal docket or case number and the offense(s) for which you have been charged or convicted: ________

5. If you have been convicted of the charged offense(s), the date upon which sentence was imposed and the length of the sentence: Deduction of 27 days good time.

6. Check whether a finding of guilty was made:

   a. after a plea of guilty ____

   b. after a plea of not guilty X

   c. after a plea of nolo contendere ____

7. If you were found guilty, check whether that finding was made by:

   a. a jury ____

   b. a judge without a jury DHO - ____

8. Did you appeal from the judgment of conviction or the imposition of sentence?

   ☒ Yes ☐ No

9. If you did appeal, give the following information for each appeal:

a. (1) Name of court and docket or case number: Appealed to Region -

(2) Result and date of result: ______

(3) Grounds raised (list each):

(a) denial of inmate rights for disciplinary hearing.

(b) ______

(c) ______

(d) ______

b. (1) Name of court and docket or case number: ______

(2) Result and date of result: ______

(3) Grounds raised (list each):

(a) ______

(b) ______

(c) ______

(d)

10. State concisely every ground on which you claim that you are held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page only behind page 6.

**CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. Do not argue or cite law. Just state the specific facts that support your claim. Legal arguments and citation to cases or law should be presented in a separate memorandum.**

a. **GROUND ONE:** Denial of Rights

Supporting facts: I had eight witnesses to support facts on how my hand was ~~[illegible]~~ injured at the weight pile, yet was only allowed two.

b. **GROUND TWO:** I asked for video tapes from prison camera system and was denied.

Supporting facts: I was told by Region had I obtained a staff representative I could have had them get the tapes. Yet in my rights, it said

I am entitled to ALL evidence to prove my innocence.

c. **GROUND THREE:** I was refused key witness, the inmate who was assaulted. ~~His statement cleared me~~

Supporting facts: He stated many times I was not the one who assaulted him.

d. **GROUND FOUR:**

Supporting facts:

11. Relief sought in this petition: Have good time reinstated and incident report expunged.

12. Have you filed a previous application or petition for habeas corpus or any other application, petition or motion with respect to the grounds raised in this petition?

☐ Yes ☒ No

13. If your answer to Question No. 12 is yes, give the following information as to each previous application, petition, or motion:

a. (1) Name of court and docket or case number:

(2) Result and date of result:

(3) Grounds raised (list each):

(a)

(b)

(c)

(d)

b. (1) Name of court and docket or case number:

(2) Result and date of result:

(3) Grounds raised (list each):

(a)

(b) ______________________________

______________________________

(c) ______________________________

______________________________

(d) ______________________________

______________________________

14. If applicable, state whether you have filed a motion under 28 U.S.C. § 2255, and if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

15. Are you presently represented by counsel? ☐ Yes ☐ No
If so, name, address and telephone number of attorney: ______________________________

______________________________

16. If you are seeking leave to proceed *in forma pauperis*, have you completed an application setting forth required information? ☐ Yes ☒ No

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

Robert M Handlon
Signature of Attorney (if any)

______________________

______________________

______________________

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on March 4th, 2020 (month, day, year).
Robert M Handlon

Executed (signed) on 3/4/20 (date).

Robert M. Handlon
Signature of Petitioner (required)

Petitioner's current address:

Robert Handlon # 34932-077
F. C. I.
1900 Simler Ave.
Big Springs, Tx. 79720

#10 - Continuation of Reason -

It is assumed because of past affilations I have committed this act. When the incident took place, I was in the shower. Even Mr. Crenshaw stated this, even wrote a statement to the fact. Part of the disciplinary hearing process are a set of rights for the accused. They plainly state that I have the right to ALL evidence, witnesses, statements, and video footage. I was flat out denied a key witness, Mr. Crenshaw, and I was refused the video footage. Both key to proving my innocence in this matter. Had the DHO allowed Mr. Crenshaw to be a witness, it would have ended there. Obviously Mr. Crenshaw was assaulted, and he knows who assaulted him I am sure. He and I both know I was not involved in ANY way concerning this assault. I asked DHO for several things and he stated that I needed to sit there, quiet, and to not look at any of the witnesses. Then asked why I didn't 'speak up' when a witness had been cut off or may have seen more. The whole process was unfair. I do not behave this way, not in the 20 years in this system - zero incident reports! Please have the tapes produced, it will reveal the truth.

Thank You. Robert Handlon
#34932-077

BP-A0293 **Inmate Rights at Discipline Hearing** CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Institution: FCI BIG SPRING

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: ______________________ Reg. No.: ______________

Inmate Signature: ___________________________ Date: __________

Notice of rights given to inmate(Date/time): ______________________

by: ____________________________________
Staff Printed Name/Signature

(This form may be replicated via WP) Replaces BP-S293(52) of JAN 88.

TO WHOM IT MAY CONCERN,

I KNOW THAT ROB HAD NOTHING TO DO WITH MY ALTERCATION.. I HAD SPOKEN WITH HIM AS HE WAS HEADED TO THE SHOWER PRIOR TO THE ALTERCATION.. I KNOW HE WASNT INVOLVED IN MY SITUATION AT ALL..

JARROD CRENSHAW
48573-177

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU PRISONS**

| | | |
|---|---|---|
| Institution: **FCI Bastrop, TX** | Incident Report number: **3194426** | |
| NAME OF INMATE **HANDLON, Robert** | REG. NO.: **34932-077** | UNIT: **CROCKETT** |
| Date of Incident Report: **11-21-2018** | Offense Code: **224** | |
| Date of Incident: **10-24-2018** | | |

Summary of Charges:
**ASSAULTING ANY PERSON**

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **11-21-2018** at (time) **1315** (by staff member) **F. GUERRA, LIEUTENANT**

B. The DHO Hearing was held on (date) **12-11-2018** at (time) **1305**

C. The inmate was advised of the rights before the DHO by (Staff member): **M. MCCARUS, CASE MANAGER** on (date) **11-21-2018** and copy of the advisement of rights form is attached.

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes **X** No____.

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ________(admits) **X** (denies) _____(neither) the charge(s).

B. Summary of inmate statement:

**I HAD ONE CUT ON MY LEFT HAND. I AM RIGHT HANDED AND IF I ASSAULTED ANYONE I WOULD HAVE USED BOTH HANDS. I WAS ON MY WAY TO THE SHOWER AND I PASSED HIM AND HE WAS NOT INJURED.**

**I INJURED MY HAND ON THE INCLINE BENCH PRESS ON THE WEIGHT PILE THAT NIGHT AT ABOUT 6:30 P.M., AND REPORTED THE INJURY TO MCCRAVEY ON THE REC YARD. THE PICTURES WERE TAKEN AT 7:45 P.M. I HAD CLEANED IT OUT AND JUST GOT OUT OF THE SHOWER AT THAT TIME. MY WITNESSES WIL TELL YOU I WAS IN THE SHOWER AT THE TIME THEY SAID THE ASSAULT HAPPENED. I DIDN'T EVEN KNOW THIS GUY. I WAS IN THE SHOWER AND WAS WASHING IT OUT SO IT WAS BLEEDING.**

C. Witnesses:
1. Inmate waived right to witness. Yes_______ No **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

**KEVIN PORTIE, REGISTER NUMBER 17127-035**

**A LITTE AFTER 7 O'CLOCK CRENSHAW AND THE OTHER NEW GUYS CAME OFF THE BUS. HANDLON WAS WAITING TO GO TO THE SHOWER. HE HAD A RAG OVER HIS HAND. I TOOK CRENSHAW AND THE OTHER NEW GUYS TO MY CELL TO GIVE THEM HYGIENCE. I DID NOT SEE HIM IN THE SHOWER.**

**JEFF LOEHR, REGISTER NUMBER 15945-380**

**HE HURT HIS HAND. WE WORK OUT AT THE SAME TIME. HE HAD JUST HURT IT WHEN WE WERE LEAVING THE RECREATION YARD. HE WAS WASHING IT OUT WHILE WE WERE GETTING READY TO LEAVE THE YARD. HE HURT HIS LEFT HAND. I DID NOT SEE HIM REPORT THE INJURY TO A STAFF MEMBER.**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

**RANDY CASTRO, REGISTER NUMBER 83190-180, THE DHO ADVISED INMATE HANDLON THAT INMATE CASTRO WOULD TESTIFY THAT HE WAS AT THE REC YARD WHEN HE INJURED HIS HAND AND THE DHO DETERMINED INMATE CASTRO WOULD NOT NEED TO APPEAR IN PERSON SINCE HIS STATEMENT WOULD BE THE SAME AS INMATE LOEHR. INMATE HANDLON AGREED.**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). **N/A**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **INVESTIGATIVE REPORT; TWELVE PHOTOGRAPHS; TWO MEDICAL ASSESSMENTS; ONE MEMORANDUM FROM THE OPERATIONS LIEUTENANT, J. GUNTER, MEMORANDUM FROM OFFICER J. COTE, MEMORANDUM FROM B. MCCRAVEY, RECREATION SPECIALIST AND ONE MEMORANDUM FROM OFFICER J. HAMBY.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: N/A .

IV. FINDINGS OF THE DHO

X A. The act was committed as charged.

____ B. The following act was committed:

____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

**YOUR DUE PROCESS RIGHTS WERE REVIEWED WITH YOU AND YOU INDICATED YOU UNDERSTOOD YOUR RIGHTS. YOU CONFIRMED TO THE DHO THAT YOU RECEIVED A COPY OF THE INCIDENT REPORT AND HAD NO DOCUMENTARY EVIDENCE TO PRESENT. YOU DID REQUEST ANY WITNESSES AND INMATE KEVEN PORTIE, REGISTER NUMBER 17127-035 AND INMATE JEFF LOEHR, REGISTER NUMBER 15945-380 APPEARED. YOU DID NOT REQUEST A STAFF REPRESENTATIVE. YOU INDICATED YOU WERE READY TO PROCEED WITH THE HEARING.**

**THE WRITTEN STATEMENT OF THE REPORTING STAFF MEMBER THAT ON OCTOBER 24, 2018 AT APPROXIMATELY 7:12 P.M. YOU ASSAULTED INMATE JARROD CRENSHAW, REGISTER NUMBER 48573-177 IN CROCKETT UNIT. INMATE CRENSHAW STATED THAT HE WAS ASSAULTED BY ANOTHER INMATE ON THE YARD. HE FURTHER STATED THAT "MAN, I DIDN'T KNOW I COULDN'T WALK HERE. I WAS JUST PATCHED IN (AS AN ARYAN CIRCLE MEMBER) ABOUT THREE MONTHS AGO IN THE WORLD. I DIDN'T KNOW WE WEREN'T WALKING WITH THE ABT IN THE FEDS. EVERYTHING WAS FINE THE LAST TIME I WAS HERE. YOU KNOW WHAT, I AM NOT A SNITCH. I FELL DOWN THE STAIRS." DURING UPPER BODY CHECKS YOU WERE FOUND TO HAVE AN INJURY TO YOUR LEFT HAND. YOU STATED, "YOU HIT IT WHILE I WAS RACKING THE WEIGHTS ON THE PILE, THE INCLINE PRESS BAR…" AND YOU REPORTED THE INJURY TO B. MCCRAVEY, RECREATION SPECIALIST. RECREATION SPECIALIST B. MCCRAVEY STATED DURING HIS INTERVIEW THAT "HANDLON'S STATEMENT IS A LIE, I DIDN'T SEE HIM AT ALL THAT DAY" AND HE PROVED A MEMORANDUM STATING TO NO REPORT BEING MADE BY YOU. FINALLY, KNOWN MEMBERS OF THE ARYAN CIRCLE AND THE ARYAN BROTHERHOOD OF TEXAS (ABT) ARE AT WAR WITH EACH OTHER IN THE FEDERAL PRISON SYSTEM AND ALL MEMBERS OF THE ABT HAVE RECEIVED ORDERS TO ASSAULT ANY AND ALL ARYAN CIRCLE MEMBERS THEY COME INTO CONTACT "ON SIGHT". YOU ARE MEMBER OF THE ABT AND INMATE CRENSHAW IS A MEMBER OF THE ARYAN CIRCLE.**

**THE MEDICAL ASSESSMENT CONDUCTED ON INMATE CRENSHAW WHICH INDICATES HE SUSTAINED HEMATOMA TO THE LEFT EYE, LACERATIONS TO THE RIGHT EAR AND UPPER LIP.**

**THE MEDICAL ASSESSMENT CONDUCTED ON INMATE HANDLON WHICH INDICATES HE SUSTAINED AN ABRASION TO HIS LEFT HAND.**

**YOU DENIED THE CHARGE AND PRESENTED AS YOUR DEFENSE THAT YOU HAD ONE CUT ON YOUR LEFT HAND. YOU ARE RIGHT HANDED AND IF YOU ASSAULTED ANYONE YOU WOULD HAVE USED BOTH HANDS. YOU WERE ON YOUR WAY TO THE SHOWER AND YOU PASSED CRENSHAW AND HE WAS NOT INJURED. YOU INJURED YOUR HAND ON THE INCLINE BENCH PRESS ON THE WEIGHT PILE THAT NIGHT AT ABOUT 6:30 P.M., AND REPORTED THE INJURY TO MCCRAVEY ON THE REC YARD. THE PICTURES WERE TAKEN AT 7:45 P.M. YOU HAD CLEANED IT OUT AND JUST GOT OUT OF THE SHOWER AT THAT TIME. YOUR WITNESSES WIL TELL YOU THAT YOU WAS IN THE SHOWER AT THE TIME THEY SAID THE ASSAULT HAPPENED. YOU DIDN'T EVEN KNOW THIS GUY. YOU WERE IN THE SHOWER AND WAS WASHING IT OUT SO IT WAS BLEEDING. YOU ALSO ADMITTED BEING A MEMBER OF THE ARYAN BROTHERHOOD OF TEXAS. INMATE CRENSHAW WAS IDENTIFIED AS A MEMBER OF THE ARYAN CIRCLE AND INTELLIGENCE INFORMATION INDICATES THESE TWO GROUPS ARE CURRENTLY AT WAR IN THE FEDERAL PRISON SYSTEM. THE DHO NOTES YOU PROVIDED A CONFLICTING STATEMENT REGARDING THIS INCIDENT WHICH LESSENS YOUR CREDIBILITY WITH THE DHO. YOU STATED THAT YOU REPORTED THE INJURY ON YOUR LEFT HAND TO RECREATION SPECIALIST B. MCCRAVEY, HOWEVER MR. MCCRAVEY STATED THAT YOU DID NOT REPORT THE INJURY TO HIM OR OTHER RECREATION STAFF AND THAT HE HAD NOT SEEN YOU THAT ENTIRE DAY. THE STATEMENTS OF INMATES LOEHR AND CASTRO THAT YOU INJURED YOUR HAND ON THE WEIGHT PILE WERE CONSIDERED, BUT THE DHO GAVE GREATER WEIGHT TO THE REPORTING STAFF MEMBER AND BASED ON YOUR CONFLICTING STATEMENT TO THE DHO ABOUT REPORTING THE INJURY TO RECREATION STAFF. INMATE PORTIE TESTIFIED THAT YOU WERE IN THE SHOWER AT THE TIME OF THE ASSAULT, YET HE COULD NOT SAY THAT HE ACTUALLY SAW YOU IN THE SHOWER, ONLY THAT HE SAW YOU STANDING OUTSIDE THE SHOWER. THIS STATEMENT PROVIDES NO EXCULPATORY EVIDENCE IN YOUR DEFENSE. THE DHO FINDS YOU GUILTY OF THE CHARGE OF ASSAULT, CODE 224 BASED ON THE STATEMENT OF INMATE CRENSHAW THAT HE WAS ASSAULTED, THE INJURIES SUSTAINED BY INMATE CRENSHAW, THE INJURY SUSTAINED BY YOU, INTELLIGENCE INFORMATION THAT THE ABT OF TEXAS AND AC OF TEXAS ARE AT WAR WHICH WOULD GIVE YOU MOTIVE FOR COMMITTING THE ASSAULT AND YOUR LACK OF CREDIBILITY WITH THE DHO BASED ON CONFLICTING STATEMENTS PROVIDED BY YOU.**

**THE DHO FINDS THE GREATER WEIGHT OF THE EVIDENCE LISTED ABOVE SUPPORTS THAT YOU COMMITTED THE PROHIBITED ACT OF ASSAULTING ANY PERSON, CODE 224.**

VI. SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DISCIPLINARY SEGREGATION** | No. of Days | 60 | Suspended | Yes | | No | X |
| **DISALLOWANCE OF GOOD CONDUCT TIME** | No. of Days | 27 | Suspended | Yes | | No | X |
| **LOSS OF TELEPHONE PRIVILEGES** | No. of Days | 120 | Suspended | Yes | | No | X |
| **LOSS OF COMMISSARY PRIVILEGES** | No. of Days | 120 | Suspended | Yes | | No | X |

VII. REASON FOR EACH SANCTION OR ACTION TAKEN:
**THE DHO SANCTIONED YOU WITH DISCIPLINARY SEGREGATION AND DISALLOWANCE OF GOOD CONDUCT TIME AS PUNISHMENT AND TO MOTIVATE YOU TOWARDS MORE SELF DISCIPLINE. THE DHO SANCTIONED YOU WITH LOSS OF TELEPHONE AND COMMISSARY PRIVILEGES TO CORRECT YOUR INAPPROPRIATE BEHAVIOR. THE DHO BELIEVES THE LOSS OF PRIVILEGES WILL HAVE A SIGNIFICANT IMPACT IN CORRECTING YOUR BEHAVIOR AND DETER FUTURE MISCONDUCT. THE DHO HOPES THESE SANCTIONS WILL CORRECT YOUR INAPPROPRIATE BEHAVIOR.**

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **C. BICKLE, DHO** | [signature] | 12-20-18 |

DHO report delivered to Inmate by: Hand Delivered

| B. Scoggins | [signature] | 12-20-18 @ 1425 |
|---|---|---|
| Printed Name (Staff) | Signature: | Date and Time: |

**Prescribed by P5270** **Replaces BP-A0304 of AUG 11**

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Handlon, Robert, M. (LAST NAME, FIRST, MIDDLE INITIAL) 34932-077 (REG. NO.) 2D-A (UNIT) Three Rivers FCI (INSTITUTION)

**Part A - REASON FOR APPEAL**

I am appealing my incident report # 3194426. First, my rights were clearly violated. Form BP-A0293 (see attached) #3 states I can call witnesses (or present written statements of unavailable witnesses). I was told that a statement from Mr. Crenshaw would not be obtained. I was also told he could not be called as a witness. This clearly violates #3 of BP-A0293. I also had seven witnesses and was told by my case manager McCarus that I only needed three because "you are good, everyone including Mr. Crenshaw says you didn't do it." Therefore denying me any other witnesses. Also #3 on this same form says, I can present documentary evidence on my behalf. I repeatedly asked for the tape to be pulled that shows the weight pile and the entrance to the unit. I was denied both these requests. Both tapes would show me on the weight pile as I claimed I was and entering the unit with a bandaged hand, long before incident occurred. DHO stated the Rec officer's statement that he never saw me on the REC yard, weighed most his decision. Had the tapes been pulled, it would have proven my statements and exonerated me. Secondly, the DHO repeatedly cut off my witnesses. He would lead them with a question then state "that's all I need, you can go." DHO stated no one seen me in the shower, yet had he allowed witness Loehr to finish, he says he did see me in the shower. Lastly, it was said that I had motive to commit this offense. I had no idea who if anyone Mr. Crenshaw was affiliated with. Crenshaw was here before and had no problems, so why was I to know any different? I was

1-31-2019

DATE | SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

informed by SIS who he was after I was placed in SHU. I told SIS I didn't know who he was, because his time here before he was nobody. So where is the motive without the knowledge of who he is? Had I properly reported my injury I would not have this problem. Lesson learned. That is all I have done wrong here. Cameras should be used for these reasons, view the tapes. Statements from witnesses show my hand was injured before incident, while in line for the shower, (Portie). Had video been pulled it would have proven my innocence.

Respectfully Submitted,

[signature]

Robert M. Handlon
REG# 34932-077

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 24, 2019

RECEIVED
MAY 01 2019
FCI THREE RIVERS
WARDEN'S OFFICE

FROM: ADMINISTRATIVE REMEDY COORDINATOR
SOUTH CENTRAL REGIONAL OFFICE

TO : ROBERT MICHAEL HANDLON, 34932-077
THREE RIVERS FCI UNT: LIVE OAK QTR: L02-233L
P.O. BOX 4000
THREE RIVERS, TX 78071

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 964042-R3 REGIONAL APPEAL
DATE RECEIVED : APRIL 24, 2019
SUBJECT 1 : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2 :
INCIDENT RPT NO: 3194426

REJECT REASON 1: SEE REMARKS.

REMARKS : YOU APPEAL WAS DENIED ON 02-26-19. A COPY IS ATTACHED. YOU MUST NOW APPEAL AT THE CENTRAL OFFICE LEVEL.

Regional Administrative Remedy Appeal No. 964042-R2
Part B - Response

This is in response to your Regional Administrative Remedy receipted February 4, 2019. You are appealing a Discipline Hearing Officer (DHO) action of December 11, 2018, for Code 224, Assaulting Another Person.

The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.09, Inmate Discipline Program. A review of the incident report, the investigation, the evidence, and related documentation indicates there is sufficient evidence to support the DHO's decision.

This incident involved the DHO finding you assaulted another inmate. Specifically, on November 21, 2018, an investigation was concluded and it was determined you assaulted another inmate on October 24, 2018. The inmate you assaulted was interviewed and stated, "I was assaulted by another inmate on the yard. Man, I didn't know I couldn't walk here. I was just patched in (as an Aryan Circle Member) about three months ago in the world. I didn't know we weren't walking with ABT in the feds. Everything was fine the last time I was here. You know what, I am not a snitch. I fell down the stairs." While staff were conducting upper body checks and noticed your hand was injured, you stated, "Hit it while I was racking the weights on the pile, the incline press bar." You stated you reported the injury to staff. During the interview of the staff member, he stated, "Handlon's statement is a lie. I didn't see him all day." The DHO considered your statement when determining the greater weight of the evidence supported the finding you committed the prohibited act.

You contend your due process rights were violated when the DHO did not call one of your witnesses. The DHO took the statement of two of your witnesses and concluded your third requested witness statement was going to be repetitive. You additionally contend a review of recorded video surveillance will reveal you did not assault the inmate. At no time during the disciplinary process is it indicated you requested a review of the video footage. Additionally, you were offered the assistance of a staff representative, who could have assisted you in preparing a defense by reviewing recorded video surveillance. However, the record reflects you waived staff representation.

RECEIVED

MAY 01 2019

FCI THREE RIVERS
WARDEN'S OFFICE

In Section V of the DHO report, the DHO documented the evidence relied upon to conclude you committed the prohibited act. The DHO relied upon sufficient evidence in reaching this conclusion. The sanctions imposed are within policy and commensurate with the finding you committed the prohibited act in the High severity category.

Therefore, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the Federal Bureau of Prisons, Office of General Counsel, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

FEB 26 2019
Date

J. F. Caraway
Regional Director

RECEIVED
MAY 01 2019
FCI THREE RIVERS
WARDEN'S OFFICE

U.S. Department of Justice
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Handlon, Robert (LAST NAME, FIRST, MIDDLE INITIAL) | 34932-077 (REG. NO.) | LO-A (UNIT) | FCI TRV (INSTITUTION)

**Part A—REASON FOR APPEAL**

I am appealing this decision due to the violation of my rights, which had they not been violated, my innocence would have been proven.When I was at UDC with casemanager McCarus,I was told not to worry I was good That I didnt need video or more witnesses. Everyone including the victim says that I was not involved. Thereby advising me that this was just a formality and I would be good. In my appeal Regions response was that since I didnt have a staff rep to help with getting video and other evidence, then somehow that lessens my right to obtain the evidence of which could exonerate me. So since I chose not to have a staff rep, then I am not afforded the same rights as if I had one? That is a clear violation of my rights. At UDC I asked for witnesses and tapes, yet was told that I didnt need any of that. So if my unit-manager told me this, why am I not to beleive him? This process is new to me, I have had 0 incidents since my incarceration. I asked that a statement be taken from Mr. Crenshaw, but was denied that. I obtained a written one from him yet they did not want to see it. I asked to have him as a witness and was denied by DHO.

6-15-2019 (DATE) | Robert Handlon (SIGNATURE OF REQUESTER) 1/2

**Part B—RESPONSE**

DATE | GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 964042-A1

**Part C—RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

I was injured before this incident took place. Also it was seen that my hand was injured on the weight pile. The one thing that was used against me was that the rec officer said that he didnt see me all day. The easiest way to prove that was to view the tapes. It would have easily resolved this whole issue. It would have PROVEN my innocence. I was refused this evidence that was key to this whole ordeal. Why? This is a clear vilation of the rights that should have been afforded to me as a defendant in this situation. I ask that this be corrected, and good time be reinstated. Thank you for your time and cooperation in this matter.

Respectfully,
Robert Handlon #34932-077

ROBERT MICHAEL HANDLON, 34932-077
THREE RIVERS FCI UNT: LIVE OAK QTR: L02-233L
P.O. BOX 4000
THREE RIVERS, TX 78071

**Administrative Remedy No. 964042-A4**
**Part B - Response**

You appeal the December 11, 2018, hearing decision of the Discipline Hearing Officer (DHO) regarding incident report #3194426 in which you were found to have committed the prohibited act of Assaulting without Serious Injury (Code 224). For relief, you request the incident report be expunged.

Our review of your disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

Accordingly, your appeal is denied.

11/22/19
Date

Ian Connors, Administrator
National Inmate Appeals





Robert Nandlon #34932-077
Federal Correctional Institution
1900 Simler Ave.
Big Spring, Tx. 79720

U.S. District Court Clerk
341 Pine St. #2008
Abilene, Tx 79601